IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GUSTAVO TENORIO-RODRIGUEZ,           §
                                     §
    *Petitioner*,                    §
                                     §
VS.                                  §        CIVIL CASE NO. SA-26-CV-1791-FB
                                     §
PAMELA JO BONDI, United States Attorney   §
General; KRISTI NOEM, Secretary of Homeland   §
Security; SYLVESTER M. ORTEGA, San Antonio §
Acting Field Office Director for Detention and   §
Removal, U.S. Immigration and Customs   §
Enforcement; and BOBBY THOMPSON, Warden,   §
South Texas ICE Processing Center, in Their   §
Official Capacities,                 §
                                     §
    *Respondents*.                   §

## <u>ORDER FOR SERVICE AND FURTHER ORDERS OF THE COURT</u>

Before the Court is the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Petitioner, Gustavo Tenorio-Rodriguez, who is currently detained in the South Texas ICE Processing Center in Pearsall City, Texas, located in the Western District of Texas.

IT IS HEREBY ORDERED that the District Clerk shall furnish the Office of the United States Attorney in San Antonio, Texas, with copies of the Petition for Writ of Habeas Corpus (ECF No. 1), and this Order.  Delivery by certified mail, return receipt requested, of those same documents shall constitute sufficient service of process, unless otherwise contested, on the Federal Respondents.  *See* FED. R. CIV. P. 4(i). Service should be directed to:

Stephanie Rico, the Civil Process Clerk
United States Attorney's Office, Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216.

IT IS FURTHER ORDERED that the Clerk of Court shall serve the Respondent, Bobby Thompson, Warden, South Texas ICE Processing Center, with copies of the Petition for Writ of Habeas

Corpus  (ECF No. 1), and this Order.  Delivery by certified mail, return receipt requested, will constitute sufficient service of process unless otherwise contested.  Service should be directed to:

Bobby Thompson, Warden
South Texas ICE Processing Center
566 Veterans Dr
Pearsall, TX 78061.

IT IS FURTHER ORDERED that Respondents shall file a response to the Petition within five (5) days of the date of service.  In preparing their response, if this case concerns, in whole or in part, whether the Petitioner's detention violates due process, **Respondents must consider the following prior court orders issued in the Western District of Texas addressing this question and note any material factual differences:** *Vargas-Negrete v. Noem,* Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara,* Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).  Failure to do so may result in a summary order granting all relief requested in the petition on that issue other than the request for attorney's fees.  In lieu of a full response, Respondents may choose to file a response indicating that there are no material factual differences here and preserving all legal arguments made by the Federal Respondents in those cases on the procedural due process claim.

IT IS FURTHER ORDERED that, if Petitioner elects to file a reply, Petitioner may do so no later than 7 days after the Respondents file their answers/responses.

IT IS FURTHER ORDERED that **any possible or anticipated removal or transfer of Petitioner  Gustavo Tenorio-Rodriguez is IMMEDIATELY STAYED[1] until further order from this Court.  Respondents shall not transfer Petitioner Gustavo Tenorio-Rodriguez outside of this judicial district during the pendency of this litigation and until further Order of this Court.**  Of course, this stay does not preclude Respondents from taking necessary steps to effect Petitioner's removal, it merely stays the physical removal or transfer of Petitioner.

It is so ORDERED.

SIGNED this 20th day of March, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[1]  *See Maldonado v. Lyons,* Case No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (stay of removal and transfer by Court is proper exercise of Court's inherent power to preserve ability to hear case and "address the matters raised in the instant habeas petition").